UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMMA MARTINEZ,

                    Plaintiff,

          v.

THE TOWN OF CLARKSTOWN,

                    Defendant.

---

No. 23-CV-5364 (KMK)

OPINION & ORDER

Appearances:

Wayne A. Gavioli, Esq.
Wayne A. Gavioli P.C.
Nanuet, NY
*Counsel for Plaintiff*

John Martin Flannery, Esq.
John Vitagliano, Esq.
Benjamin Sonnenfeldt, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
White Plains, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Plaintiff Emma Martinez ("Plaintiff") brings this Action against Defendant the Town of Clarkstown ("Defendant"), alleging procedural and substantive due process claims, and a Takings Clause claim, in connection with a short-term rental permit that she applied for, which was denied. (*See generally* Compl. (Dkt. No. 1).) Before the Court is Defendant's Motion to Dismiss (the "Motion") Plaintiff's Complaint in its entirety. (*See* Not. of Mot. (Dkt. No. 10).) For the following reasons, the Motion is granted.

I.  Background

A.  Factual Background

The following facts are drawn from Plaintiff's Complaint, all of which are assumed to be true for the purpose of resolving the instant Motion.  *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

On December 31, 2018, Plaintiff obtained title to real property located at 505 Ilona Avenue, Valley Cottage, New York.  (*See* Compl. ¶¶ 1–2.)  On or about December 11, 2020, the Town enacted Local Law No. 7 of 2020 which implemented a process for property owners within the Town to obtain a permit in order to utilize their property as a short-term rental property.  (*See* Decl. of Benjamin Sonnenfeldt in Supp. of Def.'s Mot. to Dismiss ("Sonnenfeldt Decl.") (Dkt. No. 11) Ex. B ("Local Law No. 7 of 2020").)  The law required all Town property owners and residents to obtain a permit in order to use their "housing or dwelling unit" as a short-term rental.  (*Id.* at § 157.71.)

Plaintiff applied for a permit to use her home as an "Airbnb".  (*See* Compl. ¶¶ 4–5.)  While her application was pending, Plaintiff was issued numerous violations by the Town for "failure to have a permit to operate an Airbnb" and for zoning code violations.  (*Id.* at ¶¶ 6–7; *see also* Sonnenfeldt Decl. Ex. D.)  Plaintiff "appeared in court on several occasions" for these violations and also "attended a zoning board of appeals meeting" for an area variance relating to her zoning code violation.  (Compl. ¶¶ 8–10.)

On or about March 8, 2022, the Town enacted Local Law No. 1 of 2022.  (*See* Sonnenfeldt Decl. Ex. C. ("Local Law No. 1 of 2022").)  This law superseded Local Law No. 7 of 2020 and made it unlawful for "any person in any residentially zoned district within the Town" to rent out their home for a period of less than twenty-nine days.  (*Id.* at § 157-73.)  The

express purpose of this law was to "advance the public health, safety, and welfare of the Town of Clarkstown, its residents, and visitors." (*Id.* at § 157-71.) Due to the passage of Local Law No. 1 of 2022, Plaintiff's application for a short-term rental permit was effectively denied. (Compl. ¶¶ 20–21.)

B.  Procedural History

On May 25, 2023, Plaintiff commenced this Action in Rockland County Supreme Court. (*See* Compl.) The case was removed to this Court on June 23, 2023 through the filing of a Notice of Removal. (*See* Dkt. No. 1.) On June 27, 2023, Defendant filed a pre-motion letter regarding a potential motion to dismiss, (*see* Dkt. No. 5), which Plaintiff responded to on June 29, 2023, (*see* Dkt. No. 7). On July 20, 2023, the Court held a pre-motion conference, during which it adopted a briefing schedule. (*See* Dkt. (Minute Entry Dated 7/20/2023).) Defendant filed the instant Motion to Dismiss on September 7, 2023. (*See* Not. of Mot.; Sonnefeldt. Decl.; Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") (Dkt. No. 12.).) Following an extension, Plaintiff filed her Response on October 20, 2023. (*See* Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") (Dkt. No. 15).) Defendant filed its Reply on November 3, 2023. (*See* Def.'s Reply Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Reply Mem.") (Dkt. No. 18.).)

II.  Discussion

A.  Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the

3

Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*,

4

699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken."  *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

    B.  Analysis

The Court first addresses Plaintiff's procedural and substantive due process claims, and then her Takings Clause claim.[1]

    1.  Due Process Claims

Plaintiff alleges that she suffered procedural and substantive due process violations with respect to the denial of her short-term rental permit.  (*See* Compl. ¶¶ 24–45.)  The Court disagrees.

    a.  Procedural Due Process

The Fourteenth Amendment to the United States Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1; *see also Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 336 (E.D.N.Y. 2014) (same).  "To plead a violation of procedural due process . . . a plaintiff must first identify a property right, second show that the government has deprived [her] of that right, and third show that the deprivation was effected without due process."  *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013) (alteration adopted) (emphasis omitted) (internal quotation marks and

---

[1] In her Opposition, Plaintiff argues that Defendant's Motion for Summary Judgment is premature under federal and state law.  (*See* Pl.'s Opp. at 5–6.)  Defendant has not moved for summary judgment, as such the Court need not address Plaintiff's argument.

citation omitted); *see also Chrebet v. County of Nassau*, 24 F. Supp. 3d 236, 244 (E.D.N.Y. 2014) (same).

"The Second Circuit instructs" that "[t]he threshold issue is always whether the plaintiff has a property . . . interest protected by the Constitution." *Morales v. New York*, 22 F. Supp. 3d 256, 276 (S.D.N.Y. 2014) (quoting *Narumanchi v. Bd. of Trs.*, 850 F.2d 70, 72 (2d Cir. 1988)). "Such property interests cannot be found on the face of the Constitution, but rather are created, and their dimensions are defined by, existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits." *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) (alterations adopted) (internal quotation marks omitted) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Thus, "[w]hen determining whether a plaintiff has a claim of entitlement, [courts] focus on the applicable statute, contract or regulation that purports to establish" it. *Brown v. New York*, 975 F. Supp. 2d 209, 242 (N.D.N.Y. 2013) (internal quotation marks omitted) (quoting *Martz v. Inc. Village of Valley Stream*, 22 F.3d 26, 30 (2d Cir. 1994)).

However, "[a] 'unilateral expectation' is not sufficient to establish a constitutionally protected property right." *Looney*, 702 F.3d at 706 (quoting *Roth*, 408 U.S. at 577). "Rather, a plaintiff must have 'a legitimate claim of entitlement to' the alleged property interest." *Id.* (quoting *Roth*, 408 U.S. at 577); *see also Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. [Sh]e must, instead, have a legitimate claim of entitlement to it." (internal quotation marks omitted) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005))).

Moreover, "[w]here a local regulator has discretion with regard to the benefit at issue, there normally is no entitlement to that benefit." *Gagliardi v. Village of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *see also Demunn v. Sheepdog Warrior LLC*, No. 19-CV-1517, 2020 WL 6318221, at *14 (N.D.N.Y. Oct. 29, 2020) (holding that, "[p]laintiffs are not entitled to the enforcement of discretionary zoning requirements"). In other words, "[w]here the deciding authority has the ability to exercise discretion in considering the merits of an application, there is simply no interest 'for process to protect.'" *Stahl York Ave. Co., LLC v. City of N.Y. Landmarks Preservation Comm'n*, 641 F. App'x. 68, 72–73 (2d Cir. 2016) (summary order) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

Here, Plaintiff fails to adequately plead that she had a property interest in the short-term rental permit. As Defendant demonstrates, under Local Law No. 7 of 2020, the issuance of a short-term rental permit was a purely discretionary matter. (*See* Local Law No. 7 of 2020 § 157.78 (B) ("The Building Inspector or his designee *may* issue a permit upon such restrictions and conditions he/she deems reasonable and necessary." (emphasis added)).) The statute included various reasons why a permit could be denied and a non-exhaustive list of reasons that a permit could be revoked. (*See id.* at §§ 157.79–80.) Accordingly, because the issuance of the short-term rental permit was a discretionary process, Plaintiff cannot be said to have had a property interest in the permit that required protecting. *See Gagliardi*, 18 F.3d at 192–93 (landowners had no property interest in enforcement of zoning laws for adjacent property, as municipal officials had broad discretion in determining whether to grant or deny building permit, site plan, and variances); *RRI Realty Corp. v. Incorporated Village of Southampton*, 870 F.2d 911, 918–19 (2d Cir.) (no property interest existed in building permit because town officials had discretion to either grant or deny the permit), *cert. denied*, 493 U.S. 893 (1989); *see also Stahl*

*York Ave. Co., LLC*, 641 F. App'x. at 72–73 (holding that plaintiff lacked constitutionally protected interest in hardship relief from landmark designation, since landmark preservation commission had discretion in making such a determination).[2, 3.]

### b.  Substantive Due Process

Plaintiff's substantive due process claim is untenable for the same reason that her procedural due process claim fails.

---

[2] The Court notes that for the first time in her Opposition, in connection with her due process claim, Plaintiff asserts that she has a vested property right from an established nonconforming use of her property that arose prior to the enactment of the laws at issue.  (*See* Pl.'s Opp. at 14.)  Plaintiff made no such allegations in her Complaint, and therefore the Court declines to consider such an argument.  *See Vasquez v. N.Y.C. Dep't of Educ.*, No. 22-CV-3360, 2023 WL 2058773, at *4 (S.D.N.Y. Feb. 16, 2023) ("[I]t is well-settled that a plaintiff 'cannot amend her complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss.'" (alterations adopted) (quoting *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015)); *see also Wahatalo v. Begley*, No. 23-CV-658, 2024 WL 3028426, at *4 (D. Conn. June 17, 2024) (same); *MacPherson v. Town of Southampton*, No. 07-CV-3497, 2013 WL 6058202, at *18 (E.D.N.Y. Nov. 14, 2013) (holding that the "[p]laintiffs ha[d] not adequately alleged existing non-conforming uses that created a vested property right for purposes of their due process claims," where they raised such an argument for the first time in their opposition papers and their complaint did not contain any allegations about when they initially purchased their properties, began renting them, or whether their prior uses were legal).

[3] The Court also notes that to the extent Plaintiff challenges the procedures used to enact Local Law No. 1 of 2022, which resulted in the denial of her short-term rental permit application, Plaintiff's claim fails.  "[O]fficial action that is legislative in nature is not subject to the notice and hearing requirements of the due process clause."  *Our Wicked Lady LLC v. Cuomo*, No. 21-CV-165, 2021 WL 915033, at *5 (S.D.N.Y. Mar. 9, 2021) (quoting *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 174 (2d Cir. 2005)).  "A government action is legislative if it has 'general application' and looks to the future."  *Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 714 (S.D.N.Y. 2021) (quoting *Interport Pilots Agency, Inc. v. Sammis*, 14 F.3d 133, 143 (2d Cir. 1994).  Here, Local Law No. 1 of 2022 is clearly legislative as it applies generally to the Town of Clarkstown, and because it applies prospectively.  (*See* Local Law No. 1 of 2022.)  Therefore, Plaintiff's procedural due process claim fails in this aspect as well.  *See Hopkins Hawley LLC*, 518 F. Supp. 3d at 714 (holding that plaintiffs could not make out a viable procedural due process claim as to governor's executive orders regarding dining policy, where law was applied generally to all restaurants and was applied prospectively); *Hund v. Cuomo*, 501 F. Supp. 3d 185, 204 (W.D.N.Y. 2020) (concluding that government action implementing restrictions regarding live music performances was legislative in nature because it generally applied to all relevant establishments and, when promulgated, looked forward, requiring future compliance).

"To state a claim for substantive due process a plaintiff must allege that: (1) [s]he had a valid property interest and (2) 'defendants infringed on that . . . right in an arbitrary or irrational manner.'" *Cherry v. N.Y.C. Hous. Auth.*, No. 15-CV-6949, 2017 WL 4357344, at *28 (E.D.N.Y. Sept. 29, 2017) (quoting *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of N.Y.*, 746 F.3d 538, 545 (2d Cir. 2014)).   "The threshold inquiry in a substantive due process analysis is whether the property interest claimed rises to the level of a property interest cognizable under the substantive Due Process Clause." *Cunney v. Bd. of Trustees of Vill. of Grand View*, 56 F. Supp. 3d 470, 493 (S.D.N.Y. 2014) (alteration adopted) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 132 (2d Cir. 1998)).   "In order for an interest in a particular land-use benefit to qualify as a property interest for purposes of the substantive due process clause, a landowner must show a 'clear entitlement' to that benefit." *Id.* (alteration adopted) (quoting *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. 2007)).

Here, as with her procedural due process claim, Plaintiff fails to plead that she had a protected property interest in the short-term rental permit.  As explained above, "a protected property interest does not exist where a local authority has discretion to deny the application on non-arbitrary grounds." *Id.*  Because such discretion existed with respect to the short-term rental permit at issue in this case, Plaintiff does not have a protected property interest in such a permit, and thus, she cannot mount a successful substantive due process challenge.  *See RRI Realty Corp.*, 870 F.2d at 918 ("The fact that the permit could have been denied on non-arbitrary grounds defeats the federal due process claim."); *see also Watrous v. Town of Preston*, 902 F. Supp. 2d 243, 259–60 (D. Conn. 2012) (same); *Tomlins v. Vill. of Wappinger Falls Zoning Bd. of Appeals*, 812 F. Supp. 2d 357, 368 (S.D.N.Y. 2011) (same).

### 2.  Takings Clause Claim

With respect to Plaintiff's Takings Clause claim, the Court concludes that it must be dismissed due to Plaintiff's abandonment of such claim.  Specifically, Plaintiff failed to respond to Defendant's arguments or make any argument at all with respect to this claim.  (*See* Pl.'s Opp.)  *See Randall v. Dish Net., LLC*, No. 17-CV-5428, 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (granting defendant's motion to dismiss because "the [p]laintiff's failure to address [certain] claims in his opposition papers to [the] motion [to dismiss]," showed that they were "abandoned") (collecting cases); *see also Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-CV-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . , a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.").  Accordingly, Plaintiff's abandoned Takings Clause claim is dismissed.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted in full and the Court dismisses Plaintiff's Complaint.  The dismissal is without prejudice because this is the first adjudication on the merits of Plaintiff's claims.  Should Plaintiff choose to file an amended complaint, she must do so within thirty days of this Opinion, addressing the deficiencies identified herein.  The amended complaint will replace, not supplement, the complaint currently before the Court.  It therefore must contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider.  If Plaintiff fails to abide by the thirty-day deadline, the claims that

are dismissed could be dismissed with prejudice.  The Clerk of Court is respectfully requested to

terminate the pending Motion, (Dkt. No. 10).

SO ORDERED.

Dated:    September 9, 2024
          White Plains, New York

_____
        KENNETH M. KARAS
        United States District Judge

11