UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMA MARTINEZ,

                      *Plaintiff*,

   v.

TOWN OF CLARKSTOWN,

                      *Defendant*.

No. 23-CV-5364 (KMK)

ORDER & OPINION

Appearances:

Wayne A. Gavioli, Esq.
Wayne A. Gavioli, P.C.
Nanuet, NY
*Counsel for Plaintiff*

John Martin Flannery, Esq.
John Vitagliano, Esq.
Benjamin Sonnenfeldt, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
White Plains, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Emma Martinez ("Plaintiff") brings this Action against the Town of Clarkstown ("Clarkstown" or "Defendant"), alleging procedural and substantive due process claims, a Takings Clause claim, and an Article 78 claim. (*See generally* Am. Compl. (Dkt. No. 20).) Before the Court is Defendant's Motion to Dismiss (the "Motion"). (*See* Not. of Mot. (Dkt. No. 24).) For the reasons discussed below, the Motion is granted.

I.  Background

A.  Factual Background

The following facts are drawn from the Amended Complaint and are assumed true for the purposes of resolving the instant Motion.  *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

In September 2016, Clarkstown enacted Local Law No. 10 of 2016, which created a registry of rental dwelling units in one- and two-family residential buildings.  (*See* Decl. of Benjamin Sonnenfeldt ("Sonnenfeldt Decl."), Ex. G ("Local Law No. 10 of 2016") (Dkt. No. 25-7) § 157.58(B).)[1]  The law required that "[e]very owner of a one-family dwelling unit or a two-family dwelling unit . . . who is engaged in rental occupancy of such premises shall register within 90 days . . . on a form approved by the Town of Clarkstown."  (*Id.* § 157.60(A).)  The law further provided that it would be unlawful to rent a dwelling unit "without having registered said dwelling."  (*Id.* § 157.60(B).)

On December 31, 2018, Plaintiff obtained title to a home located at 505 Ilona Avenue, Valley Cottage, New York (the "Property").  (Am. Compl. ¶¶ 1–2.)

On or about December 11, 2020, Clarkstown enacted Local Law No. 7 of 2020, which requires property owners and agents to obtain a permit in order to utilize property for "short[-]term rental," or rental for less than 30 consecutive days.  (Sonnenfeldt Decl., Ex. B ("Local Law

---

[1] The Court may take judicial notice of local laws and regulations.  *See Noe v. Realty*, No. 19-CV-1455, 2024 WL 5508198, at *2 n.2 (S.D.N.Y. July 22, 2024) ("On a Rule 12(b)(6) motion, a court may 'take judicial notice of local ordinances and regulations.'" (quoting *Snowden v. Solomon*, No. 17-CV-2631, 2018 WL 1406624, at *3 (S.D.N.Y. Mar. 20, 2018))), *report and recommendation adopted sub nom. Noe v. Ray Realty*, 2025 WL 958407 (S.D.N.Y. Mar. 31, 2025); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes.").

No. 7 of 2020) (Dkt. No. 25-2) §§ 157.70–72.) The law prohibits the operation of a short-term rental property without a permit. (*See id.* § 157.73(A).)

On or about June 24, 2021, Plaintiff was issued a violation for using the Property as an "Airbnb," or short-term rental, without a permit. (Am. Compl. ¶ 9.) On July 1, 2021, Plaintiff applied for a short-term rental permit pursuant to Local Law No. 7 of 2020. (*Id.* ¶ 4.) At an unspecified time, Plaintiff's permit application "was denied because of a minor area variance," apparently caused by a "roof overhang." (*Id.* ¶¶ 7, 11.) On November 23, 2021, Plaintiff submitted a variance application to the Zoning Board of Appeals ("ZBA"). (*Id.* ¶ 14.) On February 1, 2022, and June 2, 2022, Plaintiff was issued further violations for operating a short-term rental without a permit. (*See* Sonnenfeldt Decl., Ex. D (Dkt. No. 25-4) (the two violation notices dated February 1, 2022, and June 2, 2022).)

On or about March 15, 2022, Clarkstown enacted Local Law No. 1 of 2022. (*See* Sonnenfeldt Decl., Ex. C ("Local Law No. 1 of 2022") (Dkt. No. 25-3).) The law superseded Local Law No. 7 of 2020 and made it unlawful for "any person in any residentially zoned district within the Town" to rent out any living accommodations for a period of less than twenty-nine days. (*See id.* § 157.73.) On June 26, 2022, the ZBA granted the variance. (Am. Compl. ¶ 14.) At an unspecified time, "Plaintiff's attorney was advised that the permit Plaintiff was seeking would no longer be issued" due to the passage of Local Law No. 1 of 2022. (*Id.* ¶ 19.)

B. Procedural Background

On May 25, 2023, Plaintiff commenced this Action in Rockland County Supreme Court. (*See* Compl. (Dkt. No. 1-1).) The case was removed to this Court on June 23, 2023. (*See* Dkt. No. 1.) On September 7, 2023, Defendants moved to dismiss the Complaint. (*See* Dkt. Nos. 10–12.) On September 9, 2024, the Court granted Defendant's motion and dismissed Plaintiff's

3

Complaint without prejudice. *See generally Martinez v. Town of Clarkstown*, No. 23-CV-5364, 2024 WL 4124717, at *1 (S.D.N.Y. Sept. 9, 2024). On October 4, 2024, Plaintiff filed an Amended Complaint. (*See* Am. Compl.) On January 22, 2025, Defendant filed the instant Motion. (*See* Not. of Mot.; Def's Mem. in Supp. of Mot. ("Def's Mem.") (Dkt. No. 26).) On February 20, 2025, Plaintiff filed her response. (*See* Pl's Mem. in Opp. to Mot. ("Pl's Opp.") (Dkt. No. 27).) On March 6, 2025, Defendant filed its Reply. (*See* Def's Reply Mem. in Supp. of Mot. (Dkt. No. 28).)

## II. Discussion

### A. Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if

4

a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B. Analysis

   1. Due Process Claims

Plaintiff alleges that she suffered procedural and substantive due process violations with respect to the denial of her short-term rental permit. (*See* Am. Compl. ¶¶ 26–38.)

The Fourteenth Amendment to the United States Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To plead a violation of procedural due process . . ., a plaintiff must first identify a property right, second show that the government has deprived h[er] of that right, and third show that the deprivation was effected without due process." *Gentleman v. State Univ. of New York Stony Brook*, No. 21-CV-1102, 2022 WL 1447381, at *2 (2d Cir. May 9, 2022) (summary order) (quotation marks omitted) (quoting *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013)).

The Second Circuit has stated that "[t]he threshold 'inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest' in liberty or property." *Boehringer Ingelheim Pharms., Inc. v. U.S. Dep't of Health & Hum. Servs.*, --- F.4th ----, 2025 WL 2248727, at *10 (2d Cir. Aug. 7, 2025) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999)); *Morales v. New York*, 22 F. Supp. 3d 256, 276 (S.D.N.Y. 2014) (stating the same principle). "Such property interests cannot be found on the face of the Constitution, but rather are created, and their dimensions are defined by, existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits." *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) (alterations adopted) (internal quotation marks omitted) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Thus, "[w]hen determining whether a plaintiff has a claim of entitlement,

6

[courts] focus on the applicable statute, contract or regulation that purports to establish" it. *Brown v. New York*, 975 F. Supp. 2d 209, 242 (N.D.N.Y. 2013) (internal quotation marks omitted) (quoting *Martz v. Inc. Village of Valley Stream*, 22 F.3d 26, 30 (2d Cir. 1994)).

In its prior Opinion, the Court found that Plaintiff "fail[ed] to adequately plead that she had a property interest in the short-term rental permit." *Martinez*, 2024 WL 4124717, at *3. The Court also noted that Plaintiff asserted "for the first time in her Opposition . . . that she has a vested property right from an established nonconforming use of her property that arose prior to the enactment of the laws at issue." *Id.* at *3 n.2. Because there were "no such allegations in [the] Complaint, . . . the Court decline[d] to consider [the] argument." *Id.*

Plaintiff now alleges that she "ha[d] a vested proprietary interest in having guests and/or short-rentals in [the Property] prior to the enactment of the initial Local Law No. 7 [of 2020]." (Am. Compl. ¶ 5; *see also id.* ¶ 31 ("Plaintiff enjoys a vested property right on account of an established non-conforming use of her property that arose prior to the enactment of the laws at issue.").)[2]

---

[2] Defendant argues that the Court should not determine whether Plaintiff had a prior nonconforming use and that it is a matter for Clarkstown to decide. (*See* Def's Mem. 16.) In support, Defendants cite a Second Circuit case that notes "the general proscription that 'federal courts should not become zoning boards of appeal to review nonconstitutional land[-]use determinations by the [C]ircuit's many local legislative and administrative agencies.'" *Zahra v. Town of Southold*, 48 F.3d 674, 679–80 (2d Cir. 1995) (quoting *Sullivan v. Town of Salem*, 805 F.2d 81, 82 (2d Cir. 1986)). Defendant conveniently omits the following language: "Nevertheless, [the Second Circuit] ha[s] acknowledged that [federal courts] should entertain such claims where a landowner's constitutional rights are indeed infringed by local land-use actions." *Id.* at 680. This is clearly one such situation. Further, Defendant provides no support for the proposition that a Court cannot determine, at the motion to dismiss stage, whether a plaintiff has plausibly alleged a prior nonconforming use that gives rise to a vested interest. As Plaintiff notes, other courts in this District have addressed the issue in motions to dismiss and summary judgment motions. *See, e.g., Perry v. Vill. of Hillburn*, No. 23-CV-11316, 2024 WL 4932528 (S.D.N.Y. Dec. 2, 2024); *Carminucci v. Pennelle*, No. 18-CV-2936, 2020 WL 4735172

It is true that, "[u]nder New York law, a nonconforming property use that predates the enactment of a restrictive zoning ordinance is considered a vested right entitled to constitutional protection." *Ahmed v. Town of Oyster Bay*, No. 12-CV-3654, 2021 WL 4463808, at *7 (E.D.N.Y. Apr. 20, 2021) (citing *Levin v. Frank*, No. 18-CV-1292, 2019 WL 1754216, at *7 (N.D.N.Y. April 19, 2019)), *report and recommendation adopted*, 2021 WL 4463489 (E.D.N.Y. Sept. 29, 2021). However, the prior nonconforming use must be "legal[] in order to establish a vested right." *MacPherson v. Town of Southampton*, No. 07-CV-3497, 2013 WL 6058202, at *18 (E.D.N.Y. Nov. 14, 2013); *see also Greene v. Town of Blooming Grove*, 879 F.2d 1061, 1065 (2d Cir. 1989) ("Although a landowner has no vested right in the existing classification of his property, a zoning ordinance cannot prohibit a use to which the property is lawfully devoted at the time the ordinance is enacted." (citations omitted)); *Perry*, 2024 WL 4932528, at *5 (noting that a theory of prior nonconforming use is based on the existence of a "prior lawful use [that is] render prohibited by a zoning ordinance"); 2 Am. Law. Zoning § 12:17 (5th ed. 2025) ("Nonconforming use status is available only for those uses which were legally established before the enactment of the restrictive regulation which rendered the use noncompliant.").

The question, then, is whether Plaintiff has plausibly alleged that she was engaged in *lawful* use of her property that was made nonconforming by Local Law No. 7 of 2020. Defendant points to Local Law No. 10 of 2016, which requires that a property owner wishing to rent out their property rental occupancy must register with Clarkstown's Building Department. (*See* Def's Mem. 16–17; Local Law No. 10 of 2016 § 157.60(A).) Plaintiff does not respond directly to this point but instead argues that the Court must accept factual allegations as true and

---

(S.D.N.Y. Aug. 14, 2020), *on reconsideration in part*, 2022 WL 837090 (S.D.N.Y. Mar. 21, 2022).

that the matter will be fleshed out during discovery and summary judgment. (*See* Pl's Opp. 11–12.) While Plaintiff identifies the controlling legal principle, Defendant is correct that Plaintiff has not alleged that she registered the Property for use as a rental property pursuant to Local Law No. 10 of 2016. (*See generally* Am. Compl.) Plaintiff has therefore not alleged that her prior use was lawful. While the Court draws all inferences in Plaintiff's favor, the Court "cannot invent factual allegations that [Plaintiff] has not pled." *Pearson v. City of New York*, No. 22-CV-10669, 2024 WL 1314099, at *13 (S.D.N.Y. Mar. 26, 2024) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). Accordingly, the Court finds that, because Plaintiff has not adequately pled a property interest, her claims for procedural and substantive due process must be dismissed. *See WG Woodmere LLC v. Inc. Vill. of Woodsburgh*, No. 23-CV-6966, 2024 WL 4225562, at *12 (E.D.N.Y. Sept. 18, 2024) (dismissing procedural and substantive due process claims because "plaintiffs have failed to allege a property interest protected by the Due Process Clause"), *reconsideration denied*, 2024 WL 4614962 (E.D.N.Y. Oct. 30, 2024); *Headsup Penny, Inc. v. City of Newburgh*, No. 22-CV-2796, 2023 WL 2648845, at *11 (S.D.N.Y. Mar. 27, 2023) (dismissing procedural and substantive due process claims because "[p]laintiff has not alleged a property interest").

    2.  Takings Clause Claim

"The Fifth Amendment provides that 'private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. This is known as the Takings Clause, which is "applied to the States through the Fourteenth Amendment." *LaForgia v. Hoch*, No. 15-CV-8589, 2018 WL 4682019, at *4 n.2 (S.D.N.Y. Sept. 28, 2018) (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 481 n.10 (1987)); *Kelo v. City of New London*, 545 U.S. 469, 472 n.1 (2005) (same). "The government may not be required to compensate an owner

9

for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." *Santander Consumer USA, Inc. v. City of Yonkers*, No. 22-CV-8870, 2024 WL 4817649, at *11 (S.D.N.Y. Nov. 18, 2024) (quoting *Bennis v. Michigan*, 516 U.S. 442, 452 (1996)).

"The Supreme Court has recognized two branches of Takings Clause cases: physical takings and regulatory takings." *1256 Hertel Ave. Assocs., LLC v. Calloway*, 761 F.3d 252, 263 (2d Cir. 2014) (citing *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002)). A physical taking occurs when there is "a condemnation or a physical appropriation of property." *Id.* A regulatory taking occurs "where even absent a direct physical appropriation, governmental regulation of private property 'goes too far' and is 'tantamount to a direct appropriation or ouster.'" *Id.* (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005)). "To state a claim under the Takings Clause, plaintiffs are required to allege facts showing that state action deprived them of a protected property interest." *Rodriguez v. Fox*, No. 23-CV-823, 2025 WL 744278, at *13 (D. Conn. Mar. 7, 2025) (alterations adopted) (quoting *Story v. Green*, 978 F.2d 60, 62 (2d Cir. 1992)); *see also Principle Homecare, LLC v. McDonald*, No. 24-CV-7071, 2025 WL 622876, at *15 (S.D.N.Y. Feb. 26, 2025) ("For any Takings Clause claim, the Court must determine whether Plaintiffs have plausibly alleged a protectable property interest.").

As discussed above, Plaintiff has not plausibly alleged a property interest in her prior lawful nonconforming use of the Property. In her Amended Complaint, Plaintiff alleges that "[t]he Town deprived Plaintiff of her use and enjoyment of [the Property], upon purely discretionary grounds without just cause or reason." (Am. Compl. ¶ 40.) Defendant argues that Plaintiff has not alleged a protected property interest for the purpose of her Takings Clause

10

claim.  (*See* Def's Mem. 12.)  Plaintiff does not address this argument and instead jumps to an analysis of what is required to show a non-categorical taking.  (*See* Pl's Opp. 9–11.)  By failing to respond in Opposition, Plaintiff has conceded this point.  *See Tacon v. Cromwell*, No. 23-CV-8100, 2024 WL 4275625, at *10 n.15 (S.D.N.Y. Sept. 24, 2024) (finding that because "[p]laintiff fails to address [an] argument in his Opposition, [he] therefore has effectively conceded it"); *Di Pompo v. Mendelson*, No. 21-CV-1340, 2022 WL 463317, at *2 (S.D.N.Y. Feb. 15, 2022) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them." (quoting *Felske v. Hirschmann*, No.10-CV-8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012)).

Even if she had not conceded the point, Plaintiff does not provide any support for the proposition that "use and enjoyment" is a protected property interest, especially one that "includes the ability to have guests, invitees, friends, family, [and] acquaintances utilize the property in a lawful manner."  (Am. Compl. ¶ 28.)  This is sufficient to dismiss Plaintiff's Takings Clause claim.  *See Perry*, 2024 WL 4932528, at *4 (dismissing a Takings Clause claim because plaintiff "ha[d] not demonstrated that he had any property interests in the [property at issue]").

Even assuming that Plaintiff had plausibly alleged a protected property interest, the claim still fails.  The Parties agree that the alleged taking is regulatory in nature and that it is non-categorical.  (*See* Def's Mem. 13–15; Pl's Opp. 9–11.)  A non-categorical taking "is analyzed under the framework articulated [by the Supreme Court] in *Penn Central*."  *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-CV-11285, 2021 WL 4198332, at *21 (S.D.N.Y. Sept. 14, 2021), *aff'd*, No. 21-2448, 2024 WL 1061142 (2d Cir. Mar. 12, 2024).

> As part of that framework, courts "weigh three factors to determine whether the interference with property rises to the level of a taking:  (1) the economic impact of

11

the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action."

*Ruradan Corp. v. City of New York*, No. 22-CV-03074, 2023 WL 2632185, at *9 (S.D.N.Y. Mar. 24, 2023) (quoting *Sherman v. Town of Chester*, 752 F.3d 554, 565 (2d Cir. 2014)). "No single factor is dispositive, although the last factor is generally treated as the most important." *Id.* (citations omitted).

Crucially, the Amended Complaint includes no allegations as to the economic impact of Clarkstown's local laws on Plaintiff, Plaintiff's investment-backed expectations, or the character of the governmental action. (*See generally* Compl.) There is no mention of how many renters Plaintiff has had on a monthly or yearly basis or in total, how much she charges in rent, any revenue or profit figures, or the relative difficulty or inability to rent for periods greater than 29 days following the passage of Local Law No. 1 of 2022. The Amended Complaint, therefore, is deficient and does not plausibly allege a Takings Clause claim. *See Bristol v. Town of Camden*, 669 F. Supp. 3d 135, 158 (N.D.N.Y. 2023) (finding that plaintiffs had not alleged facts sufficient to support a regulatory Takings Clause claim); *Vanderveer v. Zoning Bd. of Appeals*, No. 19-CV-3833, 2020 WL 7042669, at *2–4 (E.D.N.Y. Dec. 1, 2020) (finding plaintiff had failed to plead facts sufficient to establish a regulatory taking) *aff'd*, 2021 WL 3745741 (2d Cir. Aug. 25, 2021); *cf. Calvey v. Town Bd. of N. Elba*, No. 20-CV-711, 2021 WL 1146283, at *19–20 (N.D.N.Y. Mar. 25, 2021) (finding that plaintiffs had plausibly alleged a Takings Clause claim with respect to local legislation that restricted short-term rentals).

Plaintiff's Opposition, however, does include allegations as to these factors: Plaintiff argues that "[e]very potential . . . guest that Local Law No. 1 of 2022 outlaws her from hosting is another rental fee that Plaintiff is unable to collect," and that her investment-backed expectation is "that a private citizen should be entitled to the 'use and enjoyment' of her real property by

12

letting such premises out to whomever she chooses." (Pl's Opp. 10.) It is a basic tenet of practice that "[p]arties cannot supplement their pleadings via facts alleged in their briefs." *Vasquez v. City of New York*, No. 20-CV-4641, 2023 WL 8551715, at *2 (S.D.N.Y. Dec. 11, 2023); *see also Arjumand v. Laguardia Assocs., L.P.*, No. 14-CV-4618, 2015 WL 1470470, at *5 (E.D.N.Y. Mar. 30, 2015) ("Plaintiff cannot use his brief to set forth allegations because '[i]t is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs.'" (quoting *Fadem v. Ford Motor Co.,* 352 F. Supp. 2d 501, 516 (S.D.N.Y.2005))). This is, by itself, enough to find that Plaintiff has failed to plausibly allege a non-categorical, regulatory takings claim. *See Home for Aged of Little Sisters of the Poor v. McDonald*, 711 F. Supp. 3d 81, 104–05 (N.D.N.Y. 2024) (dismissing a Takings Clause claim where the "amended complaint makes no mention, let alone a plausible allegation, of interference with any reasonable investment-backed expectations").

Even if the Court were to consider the allegations included in Plaintiff's Opposition, however, the claim fails. As to the first factor, the "economic effect," Plaintiff makes her strongest showing, as she alleges that she has been unable to collect rental fees as a result of Local Law No. 1 of 2022. (*See* Pl's Opp. 10.) But Plaintiff does not quantify this economic impact, which is potentially fatal to her claim. *See Lewis v. City of New York*, 762 F. Supp. 3d 290, 304 (S.D.N.Y. 2025) (finding the plaintiff had not met the first factor of the *Penn Central* framework where the plaintiff "does not quantify or characterize with any specificity the overall economic impact that any of the [government's] actions at the Property have had on him"). Even drawing inferences in her favor, because Plaintiff does not allege that she was "'effectively prevented . . . from making any economic use of the [Property],' this factor bears less weight in the Court's analysis than it might otherwise." *Vanderveer*, 2020 WL 7042669, at *3 (citing

13

*Sherman*, 752 F.3d at 565 (weighing "economic effect" factor in favor of a taking where a town planning board "effectively prevented" a developer from developing a vacant property for almost 10 years)).

As for Plaintiff's asserted investment-backed expectation, (*see* Pl's Opp. 10 ("[A] private citizen should be entitled to the 'use and enjoyment' of her real property by letting such premises out to whomever she chooses.")), it is too conclusory to support the claim. "The reasonableness of owners' expectations ensures that compensation is limited to those owners who can demonstrate that they bought their property in reliance on such a state of affairs that did not include the challenged regulatory regime." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 567 (2d Cir. 2023) (citing *Allen v. Cuomo*, 100 F.3d 253, 262 (2d Cir. 1996)). The allegation does not discuss Plaintiff's purchase of the Property in reliance on a state of affairs, indicate "that [s]he invested time or money in the Property," *Lewis*, 762 F. Supp. 3d at 304 (quoting *Vanderveer*, 2020 WL 7042669, at *4), or claim that Plaintiff will not "realiz[e] a financial return on [the Property] or that the value of [the Property] will be severely reduced," *Lebanon Valley Auto Racing Corp. v. Cuomo*, 478 F. Supp. 3d 389, 401 (N.D.N.Y. 2020).

As for the third factor, the character of the governmental action, the Supreme Court "has stated that a taking 'may more readily be found when the interference with property can be characterized as a physical invasion by government than when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good.'" *Lewis*, 762 F. Supp. 3d at 305 (quoting *Penn Central*, 438 U.S. at 124). Defendant argues that Clarkstown laws on short-term rentals do not approximate a physical invasion. (*See* Def's Mem. 15.) Plaintiff responds that Defendant's argument

> belies the directives of the Supreme Court of the United States that posits a broader assessment, i.e., "In deciding whether a particular government action has effected

14

>a taking, this Court focuses rather both on the character of the action and on the nature and extent of the interference with rights in the parcel as a whole." *Tahoe-Sierra Preservation Counsel, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302 [] (2002).

(Pl's Opp. 10–11.) As an initial matter, much like the rest of Plaintiff's Opposition, this statement does not directly address Defendant's argument. "The Supreme Court has instructed that in analyzing the 'character' of the governmental action, courts should focus on the extent to which a regulation was 'enacted solely for the benefit of private parties' as opposed to a legislative desire to serve 'important public interests.'" *Cmty. Hous. Improvement Program v. City of New York*, 59 F.4th 540, 555 (2d Cir. 2023) (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 485–86 (1987)). Here, the local laws were expressly enacted in service of public, not private, interests. (*See* Local Law No. 1 of 2022 § 157-71 ("It is the purpose of this legislation to advance the public health, safety, and welfare of the Town of Clarkstown, its residents, and visitors."); Local Law No. 7 of 2020 § 157-70 (noting that a rental registry was created "in order to protect the public health, safety and welfare of the people of the Town of Clarkstown" and listing other public beneficial purposes).) Accordingly, the Court finds that the laws are "part of a 'program . . . to promote the common-good,'" and that "[i]ts 'character' was not that of a 'physical invasion,' so this factor supports a finding that not regulatory taking occurred." *Vanderveer*, 2020 WL 7042669, at *4.

At bottom, even considering allegations included in the Opposition and drawing all inferences in Plaintiff's favor, the Court finds that she has failed to plausibly allege a Takings Clause claim. *See Lewis*, 762 F. Supp. 3d at 304–05 (finding that the plaintiff had not plausibly alleged a Takings Clause claim where there were no allegations "that the City's actions have interference with any distinct investment-backed expectations," even though the plaintiff did "allege generally that his parents purchased the Property 'in a wrecked state' many years ago").

15

### 3. Fourth Claim

Plaintiff's fourth claim is that the "Town's Denial of Plaintiff's Short-Term Rental Application Was Arbitrary and Capricious." (Am. Compl. 6.) Defendant interprets this as an Article 78 petition, (*see* Def's Mem. 18–19), and it appears that Plaintiff agrees, (*see* Pl's Opp. 13).

An Article 78 proceeding may address "whether a determination . . . was arbitrary and capricious." N.Y. C.P.L.R. § 7803(3). "Whether federal courts can exercise jurisdiction over a claim that may be properly brought as an Article 78 petition is a question that the Second Circuit has not answered." *Lewis*, 762 F. Supp. 3d at 302 (citing *Carver v. Nassau County Interim Finance Authority*, 730 F.3d 150, 155 (2d Cir. 2013)). While district courts "are split on the issue of whether they can (or should) exercise jurisdiction over Article 78 claims[,]" *Garofalo v. City of New York*, No. 22-CV-7620, 2023 WL 3792514, at *5 (E.D.N.Y. June 2, 2023), the Court does not need to decide one way or another. As the Court has dismissed all federal claims, it declines to exercise supplemental jurisdiction over the fourth claim. *See id.* (noting that district courts "have declined to exercise supplemental jurisdiction over Article 78 claims as a matter of discretion" and collecting cases); *King v. City of New York*, 581 F. Supp. 3d 559, 579 (S.D.N.Y. 2022) (declining to exercise supplemental jurisdiction over an Article 78 claim where the court had "dismissed all claims over which it ha[d] original jurisdiction" (citation omitted)), *aff'd*, No. 22-CV-231, 2023 WL 2398679 (2d Cir. Mar. 8, 2023).

### III. Conclusion

For the reasons set forth above, the Motion is granted. Plaintiff has already amended her pleadings twice, once after being put on notice of its deficiencies. *See Martinez*, 2024 WL 4124717, at *5 (rendering "the first adjudication on the merits of Plaintiff's claims"). "To grant

Plaintiff[] leave to amend would be allowing [her] a 'third bite at the apple,' which courts in this district routinely deny." *Binn v. Bernstein*, No. 19-CV-6122, 2020 WL 4550312, at *34 (S.D.N.Y. July 13, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 4547167 (S.D.N.Y. Aug. 6, 2020); *see also Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 574 n.28 (S.D.N.Y. 2016) ("[T]he [c]ourt has given [p]laintiff two bites at the apple, and there is no need for a third bite."); *cf. Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended,' he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." (alteration adopted) (footnote and quotation marks omitted)). Plaintiff's claims are therefore dismissed with prejudice. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 24 and close the case.

SO ORDERED.

Dated: September 25, 2025
       White Plains, New York

KENNETH M. KARAS
United States District Judge